IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNRISE EQUITIES CORP.,<br>Plaintiff, | CIVIL ACTION |
| v. | |
| BOSTON MARKET CORPORATION,<br>Defendant. | NO. 23-3221 |

<u>MEMORANDUM OPINION</u>

Plaintiff Sunrise Equities Corp. ("Sunrise") moves for summary judgment on its claim

that Defendant Boston Market Corporation ("Boston Market") has breached its lease agreement

for a lot in Philadelphia.  Fed. R. Civ. P. 56(a).  Despite having been served, Boston Market has

not entered an appearance in this case and has not opposed Sunrise's Motion for Summary

Judgment.

I.      BACKGROUND[1]

Boston Market entered into an amended lease agreement with Sunrise in 2000 for a

parcel of land at 3901 Chestnut Street in Philadelphia, Pennsylvania, the latest in a series of

agreements between the parties and their predecessors dating back to 1969.  Both parties signed

the amended lease agreement.  The agreement was to expire in 2020, but Boston Market

---

[1] To oppose a motion for summary judgment, the non-moving party must either "cit[e] to particular parts of materials in the record" establishing that there is a genuine dispute of material fact or "show[] that the materials cited do not establish the absence" of such a dispute."  *Id.* 56(c)(1).  This rule is reinforced in the Court's Policies and Procedures, which require the non-moving party to "submit a separate Statement of Disputed Material Facts . . . stating after each consecutive paragraph whether that party accepts or rejects that each fact as stated by the moving party is undisputed."  *See* The Honorable Wendy Beetlestone, Policies and Procedures, U.S. Dist. Ct. for the E. Dist. of Pa. 8 (Jan. 2023), https://www.paed.uscourts.gov/documents/procedures/beepol.pdf.  Where, as here, there has been no response to the motion, the non-moving party "fails to properly address another party's assertion of fact," and a district court can "consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(2); *see, e.g.*, *Laborers' Combined Funds of W. Pa. v. Jennings*, 323 F.R.D. 511, 520 (W.D. Pa. 2018) ("Before evaluating the merits of the Defendant Rummel's motion for summary judgment the Court will review the facts that the Court deems admitted due to the Funds' failure to respond to Rummel's Concise Statement of Material Facts.").  The Court thus treats Sunrise's factual statements as undisputed and recites them below.

extended it an additional five years via a signed notice of renewal in 2019, thus extending the lease to April 30, 2025.  The amended lease agreement set Boston Market's rent for the duration of this extension at $102,487 per year ($8,540.58 per month).

The original lease agreement, in a clause that was not modified by the later amendment, made clear that "fail[ure] to make any payment" of rent "or other sum herein required to be paid by" Boston Market—which included "all taxes, assessments . . . , levies, fees, water and sewer rents and charges, and all other governmental charges"—that is not cured within three days of receiving notice constitutes an event of default.  Such an event gave Sunrise "the right at its election, then or at any time thereafter while such Event of Default shall continue, to give [Boston Market] written notice of [its] intention to terminate the term of [the lease] on a date specified in such notice."  On top of that, the original lease agreement included an acceleration provision providing that, "[i]n the event of any expiration or termination of [the lease] or repossession of the Leased Premises . . . by reason of the occurrence of an Event of Default," Boston Market would have to pay any remaining rent "until the end of what would have been the term of" the lease, "less . . . the net proceeds, if any, of any reletting effected," plus "all . . . expenses in connection with . . . reletting" the property.

Sunrise sent a notice of default to Boston Market in May 2023 for failure to pay almost $20,000 in taxes.  Sunrise also says that Boston Market is over $25,000 behind in rent.  As of September 2023, Boston Market had not vacated the premises, preventing Sunrise from reletting the property.  Sunrise brought this lawsuit in August 2023, alleging breach of contract and requesting that the Court enter a declaratory judgment that Boston Market is in default under the amended lease agreement and "entitled to liquidated damages of $219,220.86."  Boston Market was served that month, but the company neither entered an appearance in this case nor attended a

preliminary pretrial conference.  It has not filed a brief in opposition to Sunrise's Motion for

Summary Judgment either.

## II.      LEGAL STANDARD

The Eastern District of Pennsylvania's Local Civil Rules provide that, "[i]n the absence

of a timely response, [a] motion may be granted as uncontested except as provided under Federal

Rule of Civil Procedure 56, or otherwise prohibited by law."  E.D. Pa. Local Civ. R. 7.1(c); *see*

*also Gonzalez v. Jordan*, 2022 WL 4236683, at \*2 (E.D. Pa. Sept. 13, 2022).  Rule 56, in turn,

allows a district court to grant summary judgment in such instances only "if the motion and

supporting materials—including the facts considered undisputed—show that the movant is

entitled to it."  Fed. R. Civ. P. 56(e)(3).

The Court therefore must determine whether Sunrise's Motion and its supporting exhibits

show "that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  *Id.* 56(a).  "By its very terms, this standard provides that the mere

existence of *some* alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no *genuine*

issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "Material

facts are those that could affect the outcome of the proceeding."  *Roth v. Norfalco LLC*, 651 F.3d

367, 373 (3d Cir. 2011) (internal quotation marks and citation omitted).  "A genuine issue is

present when a reasonable trier of fact, viewing all of the record evidence, could rationally find

in favor of the non-moving party in light of his burden of proof."  *Doe v. Abington Friends Sch.*,

480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986);

*Anderson*, 477 U.S. at 248-52).  "Inferences to be drawn from the underlying facts contained in

the evidential sources must be viewed in the light most favorable to the party opposing the

motion."  *Peters Twp. Sch. Dist. v. Hartford Acc. & Indem. Co.*, 833 F.2d 32, 34 (3d Cir. 1987);

*see also Scott v. Harris*, 550 U.S. 372, 378 (2007) (cautioning that "courts are required to view the facts and draw *reasonable* inferences" in favor of the nonmoving party (emphasis added)).

### III.        DISCUSSION[2]

#### A.  Breach of Contract

Sunrise is entitled to summary judgment on its breach of contract claim because it has proffered uncontroverted evidence: (1) that there is a contract between it and Boston Market; (2) that Boston Market breached a duty imposed by that contract, and; (3) that damages resulted from that breach.  *See Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1125 (Pa. Super. 2004) (citation omitted).

No reasonable jury could call into question the validity of the contract between Sunrise and Boston Market, which consists of the original lease agreement, the amended lease agreement, and the notice of renewal, all of which are in the record.  Under Pennsylvania law,[3] "to form a contract, there must be an offer, acceptance, and consideration."  *Reed v. Pittsburgh Bd. of Pub. Educ.*, 862 A.2d 131, 134 (Pa. Commw. 2004) (citation omitted).  These are plainly present where, as here, both parties have signed the same written lease agreement with definite terms and a bargained-for exchange of money for the use of Sunrise's property.  *See Petrie v. Haddock*, 119 A.2d 45, 47 (Pa. 1956) ("A party's signature to a contract is designed to evidence his intention to be bound thereby."); *Krosnar v. Schmidt Krosnar McNauhgton Garrett Co.*, 423

---

[2] The Court has subject matter jurisdiction under 28 U.S.C. § 1332.  The parties are completely diverse, as Sunrise is a Nevada corporation with a principal place of business in New York, while Boston Market is a Delaware corporation with a principal place of business in Colorado.  The amount-in-controversy requirement is satisfied because Sunrise's Complaint alleges over $75,000 in damages.  *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995).

[3] A district court sitting in diversity applies the substantive law of the state in which it sits—here, Pennsylvania. *Mueller v. Sunbean Prods. Inc.*, 535 F. Supp.3d 351, 354 n.1 (E.D. Pa. 2021) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

A.2d 370, 375 (Pa. Super. 1980) (citation omitted) ("[V]alid consideration consists of any benefit conferred upon the promisor or detriment caused to the promisee that has been bargained for in exchange for the original promise."). That a valid contract was formed between Sunrise and Boston Market thus is not in genuine dispute.[4] Second, by failing to pay rent and taxes that the amended lease agreement plainly obligated it to pay, and by failing to cure its nonpayment within three days, Boston Market breached the amended lease agreement. This breach was unquestionably material—a tenant's "chief . . . obligation" under a lease is "to pay rent." *Chelten Ave. Bldg. Corp. v. Mayer*, 172 A. 675, 676 (Pa. 1934); *see also Village Beer and Beverage, Inc. v. Vernon D. Cox and Co.*, 475 A.2d 117, 121 (Pa. Super. 1984). A reasonable factfinder thus could not find that Boston Market is in compliance with its obligations under the amended lease agreement. Third, the undisputed evidence shows that Sunrise has suffered damages, at the very least in the form of the unpaid taxes that formed the basis for the notice of default—although the record does not show exactly how much money Boston Market owes. In sum, the existence of each of the elements of Sunrise's breach of contract claim is not in genuine dispute it is entitled to judgment as a matter of law and to the "damages proven at trial" sought under that claim.

### B. Liquidated Damages

In its Complaint, Sunrise also requested that the Court declare that Boston Market "is in default," and that Sunrise thus is "entitled to liquidated damages of $219,200.86," presumably pursuant to the acceleration clause in the original lease agreement. Indeed, the original lease

---

[4] The signed amended lease agreement also satisfies Pennsylvania's statute of frauds. 13 Pa. C.S. § 2A201(a)(2) ("A lease contract is not enforceable . . . unless . . . there is a writing, signed by the party against whom enforcement is sought or by that party's authorized agent, sufficient to indicate that a lease contract has been made between the parties and to describe the goods leased and the lease term.").

agreement, in clauses unmodified by its successor agreements, provides for liquidated damages

to Sunrise in the event of a breach in the form of an accelerated right of payment for the balance

of the original lease, plus fees and costs associated with reletting the property. That provision,

however, only kicks in "[i]n the event of any expiration or termination of this Lease or

repossession of the Leased Premises or any part thereof by reason of the occurrence of an Event

of Default." And although Boston Market's failure to pay rent indisputably constitutes an event

of default, none of these events has taken place yet. *Cf. In re Wanamaker's Estate*, 167 A. 592,

594 (Pa. 1933) (citation omitted) (describing, in the context of an obligor's duty to perform, the

phrase "in the event of" as "impos[ing] a condition precedent to the right to receive [a] gift").

First, by its own terms, the current lease does not "expire" until April 30, 2025. Second, in its

summary judgment briefing, Sunrise concedes that neither the original lease nor the amended

lease has been terminated. Finally, it is undisputed that Boston Market remains in possession of

the property. Therefore, although Boston Market has breached its obligations under the lease

agreements, the Court cannot yet award liquidated damages to Sunrise because of that breach.

## IV.      CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Sunrise's Motion

for Summary Judgment.

An appropriate order follows.

**BY THE COURT:**


*/s/ Wendy Beetlestone*
_____
**WENDY BEETLESTONE, J.**

6